**Order entered December 20, 2016**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-01427-CV

### BASIL BROWN, Appellant

### V.

### ROBERT HAWKINS, Appellee

**On Appeal from the County Court at Law No. 1
Kaufman County, Texas
Trial Court Cause No. 16C-0127**

## ORDER

By order dated December 14, 2016, after being notified that appellant has been deemed a vexatious litigant, we stayed this appeal pending receipt of an order from the local administrative judge permitting the filing of this appeal. TEX. CIV. PRAC. & REM. CODE §§ 11.102, 11.1035 (West Supp. 2016). We have received the requested order and, therefore, **REINSTATE** this appeal. Currently before the Court are appellant's December 9, 2016 motion to direct trial court to set supersedeas bond and appellant's December 19, 2016 emergency motion for supersedeas bond.

This appeal arises from the dismissal of appellant's appeal of a June 28, 2016 justice court judgment in an eviction matter to the Kaufman County Court at Law. On October 21, 2016, the Kaufman County Court at Law held a hearing on appellant's affidavit of inability to

pay costs. By order dated October 21, 2016, the court found that appellant was not indigent and was able to pay court costs. The court ordered appellant to pay $249.00 in court costs and to post an appeal bond of $7,082.00. Appellant did not pay the court costs or appeal bond and, by order dated November 29, 2016, the Kaufman County Court at Law dismissed appellant's case and reinstated the June 28, 2016 justice court judgment. Appellant now appeals the November 29, 2016 dismissal order and asks this Court to direct the trial court to set a supersedeas bond to stay the dismissal and stay execution of the reinstated June 28, 2016 justice court judgment.

A party is required to post a supersedeas bond "in an amount set by the county court" in order to obtain a stay of a judgment in a forcible entry and detainer suit and must post that bond within 10 days of the signing of the county court's judgment. TEX. PROP. CODE ANN. § 24.007. If the appellant fails to file the bond in the time prescribed, the judgment "may not under any circumstances be stayed pending appeal . . . ." *Id.* Here, the deadline to post a bond was December 9, 2016. Appellant did not post a bond by that date. Accordingly, we **DENY** appellant's motions as untimely.

We further note that the trial court's determination that appellant is not indigent and is able to pay costs of court carries forward to this appellate proceeding. TEX. R. APP. P. 20.1(b)(1). Appellant has not filed a motion alleging that his financial circumstances have materially changed since the date of the trial court's order. TEX. R. APP. P. 20.1(b)(3). Accordingly, appellant is required to pay court costs in this proceeding. Appellant is cautioned that this appeal may be dismissed should he fail to pay all required filing fees and court costs.

/s/    ELIZABETH LANG-MIERS
           JUSTICE